## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST       )
FROM THE UKRAINE             )
IN THE MATTER OF            )    Misc. No. 07-
FCTS ENTERPRISES, LTD.      )

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 4/16/07

*Перевод с Украинского языка на английский язык.*
*Translation from Ukrainian into English language.*

To the section of international affairs
of the criminal- legal department of Justice
of the USA

Concerning the request about legal assistance
in the investigation of the crime No 426,
instituted under the fact of contraband

Ukraine applies with the request about giving the legal assistance by the competent authorities of the United States of America, according to the treaty between Ukraine and the United States of America "about mutual legal aid on the crimes", signed in July 22, 1998 year in the investigation of the criminal case No 426

By the Inquest section of the Department of the Security Service of Ukraine in Odessa region investigates the criminal case No 426, instituted under the fact of contraband of papers and cardboards, with signs of crime, provided by the part 1 art. 201 of Criminal Code of Ukraine.

**Article 201 of the criminal code of Ukraine. Contraband.**

1. Contraband, i.e. removing the goods through the customs control of Ukraine out of customs control or with concealment from the customs control, which was made in a great extent, and also illegal removing of the historical and cultural values, poisoning, virulent, radioactive or explosive substances, weapon and ammunition(except of smooth-bore hunting weapon, and also the contraband of strategically important rare goods, about which the corresponding rules of removal abroad of Ukraine are constituted by the legislation, - punished by the deprivation of freedom on the term from three till seven years with the confiscation of the subjects of contraband.
2. The same actions, which were made on the tentative agreement of the group of the persons, or of the person, who was earlier judged for the crime, foreknown by this item – punished by the deprivation of freedom on the term from five till twelve years with the confiscation of the subjects of contraband and confiscation of property.

Note: Contraband of goods considered making in a great extent, if their value in a thousand and more time exceeds untaxed minimum of the emoluments of citizens.

**Noted criminal case does not pursue the political purposes.**

To fulfill the inquest of this crime, the inquirer needs the following:
1. Documentary approved information about the registration of "FCTS Enterprises LTD" in the USA, and Documentary approved information of its director and its employees
2. Qualitative documentary approved copy of the contract No. 047 as of 01.12.2003 and the agreement No. 39/12 as of 06.12.2003
3. Experimental sampling of the "FCTS Enterprises LTD" (USA) seal imprints, (not less than 20)
4. Copy of the documents that are related to the cargo of papers and cardboards, including the copy of invoices, notifications, orders, and the documents that prove the payment for the abovementioned cargo

5. Copy of the documents from the bank that serves the company "FCTS Enterprise LTD" and the data about the entering of the payment for the abovementioned cargo from the "Interpulp Trading LTD" (Ireland)

6. All the documents and data received from you will be used only for the aim of investigating this criminal case, its further investigation in the court and will not be transferred to any other persons for any other aim.

Due to the limited investigation time of the criminal case, the Inquest section of the Department of the Security Service of Ukraine in Odessa region asks you to offer the requested help in the shortest term

## CASE CIRCUMSTANCES

During the investigation of this criminal case, it was discovered that during 2002 – 2005, in accordance with the cargo-customs declarations, the Kotlasskiy Paper Center (Russian Federation) has sent a cargo – 34 765.7 tons of papers and cardboards to the address of "Interpulp Trading LTD" (Ireland, "Interpulp Trading LTD" (11-12 Warrington Place Dublin 2, Ireland, BNP PARIBAS (SUISSE) S/A/ 11 Quai des Berquets 1211 Geneve 11, acc. 77910-0). The abovementioned cargo was purchased by "Interpulp Trading Ltd" from "ILIM PULP ENTERPRISE" CJSC (Russia, city of Saint-Petersburg, director Bubelo V.K.) according to the contract No. 643/16790139/407057 as of 24.05.2004

The abovementioned cargo has crossed the Russian-Ukrainian border at the customs point "Glukhiv" of the Glukhiv and Khutor-Mykhaylivska customs in the "transit" regime.

During the crossing of the cargo through the customs border of Ukraine, documents were offered to the customs authority, in accordance to which, the abovementioned cargo, should cross the customs border of Ukraine in the "transit" regime and should be delivered to the "Odessa-port" seaport, where he should be exported outside the customs territory of Ukraine for the further delivery to the address of – consignee – "Interpulp Trading LTD" (Ireland).

But, during the pre-trial investigation of this criminal case, it was discovered that after delivering of the abovementioned cargo to the "Odessa-port" seaport, the papers and cardboards were not exported outside the territory of Ukraine, but were readdressed by the representatives of "FCTS Enterprises LTD" (USA), representative office of which is located in Ukraine (office 411, 33/a, Admiralsskyy avenue, city of Odessa, director Shabanov Volodymyr Vyktorovych) and "Odex" LLC (city of Odessa, Ukraine) and were sent to the address of different enterprises-residents of Ukraine – "Grinikha" PE (app. 47, 16, Gagarin Str., city of Malin, Jytomyrska district, director Grinikha Yuriy Yosypovych) and "Zaporijelektromashopttorg" CJSC (Lyutserna village, GPS-256 Volnyanskyy district, city of Zaporijjya, director Khijak P.I.). More, the data about the export of the abovementioned cargo was entered into the unitary data base by the officials of the customs services.

During the preparation of the cargo for readdress in the "Odessa-port" station, the change of the owner was made – "FCTS Enterprises LTD" (USA) confirmed by its own order that the new owner of the cargo, according to the contract No. 047 as of 16.12.2003, will be "Phobos Trading LTD" (British Virgin Islands), while the expeditor of the cargo, according to the agreement No. 39/12 as of 06.12.2003, will be "Odex" LLC, which has executed the role of the readdressing customer of the railway company and the forwarder of the cargo from the "Odessa-port" station to the "Irsha" station and Zaporijjya-Live station.

In its turn, the new owner – "Phobos Trading LTD", by its own order, has entrusted to the "Odex" LLC to give the orders for the representatives of the abovementioned foreign Company on the territory of Ukraine, citizens of Ukraine: Yachnev Oleksandr Viktorovych and Kulidovska Khrystyna Mykhaylivna to execute the sending and readdressing.

More, the transport-forwarding customers of the "Odex" LLC were: "Stela De Mare" LLC (7, Viktor Zabila Str., city of Kyiv, Ukraine, director - Yachyy Oleksandr Viktorovyc),

"Finsoyuzavto" LLC (3, Ushynskogo Str., city of Kyiv, Ukraine, director - Kulidovska Khrystyna Mykhaylivna), and "Simtekstorgopt" LLC (9/10, Geroyv Oborony Str., city of Kyiv, Ukraine, director Scherbak Svitlana Dmytrivna), "DAKA corporation" (Austria), who were actual recipients of the abovementioned cargo of papers and cardboards. As a result of those manipulations, the cargo of papers and cardboards stayed at the territory of Ukraine, without paying the required customs payments and without the corresponding customs formalities.

By this way, the abovementioned cargo was transferred through the customs control of Ukraine with hiding from the customs control; by the way of offering to the customs control the documents that contain untrue information about the customs regime of its transportation

During the time of investigation of this criminal case, the inquirer has a doubt about the fact of registration and existence of "FCTS Enterprises LTD" in the USA and the existence of relations between the abovementioned company and "Interpulp Trading LTD" (Ireland), "ILIM PULP ENTERPRIZE" (city of Saint Petersburg, Russia), Kotlasskiy paper center (Russian Federation), "Phobos Trading LTD" (British Virgin Islands), "Daka corporation" (Austria), "Odex" LLC (Ukraine), "Stela De Mare" LLC (Ukraine), "Finsoyuzavto" LLC (Ukraine), "Simtekstorgopt" LLC (Ukraine), "Grinikha" PE (Ukraine, and ""Zaporijelektromashopttorg" CJSC (Ukraine)

With the aim of full and objective investigation of this criminal case and deciding the questions about involved persons, who has fulfilled the crime, we are honored to ask you, in accordance with the USA legislation, taking into consideration the Ukrainian legislation, to give us the following legal assistance:

1. To determine if "FCTS Enterprises LTD" (15, East-North street, Dover, DE 19901, USA) is actually registered and existed in the USA, and in the case of positive answer, to get from the competent correspondent authorities confirmation about its registration, its financial activity, addresses of its administrative premises, persons, who are related to its registration and functionality, leaders and employees of the abovementioned company, availability of branches or representative offices in other countries

2. In the case of confirmation of the facts of registration of "FCTS Enterprises LTD", to determine its employees and to ascertain the following questions:
- From what time they are working in the abovementioned company, what position they are occupying and what is included into their work duties;
- What are the types of activities "FCTS Enterprises LTD" is involved in;
- Do they know such companies as "Interpulp Trading LTD" (Ireland), "ILIM PULP ENTERPRIZE" (city of Saint Petersburg, Russia), Kotlasskiy paper center (Russian Federation), "Phobos Trading LTD" (British Virgin Islands), "Daka corporation" (Austria), "Odex" LLC (Ukraine), "Stela De Mare" LLC (Ukraine), "Finsoyuzavto" LLC (Ukraine), "Simtekstorgopt" LLC (Ukraine), "Grinikha" PE (Ukraine, and ""Zaporijelektromashopttorg" CJSC (Ukraine)? If that was the case, what is the relation, when, under what circumstances, did their company has concluded contracts (agreements) with the abovementioned companies; if that was the case, when, where, under what circumstances and what was the subject of the of these contracts or agreements, who represents the abovementioned companies during the conclusion of the contracts or Agreements, who has signed them, and who and where has certified them with the seal (offer the witnesses to give the copies of those contracts, if they are available);
- Did "FCTS Enterprises LTD" in 2002-2005 conclude any agreements with the abovementioned companies, with the subject of purchasing the cargo of papers and cardboards, on its address or address of other persons? If that was the case, when, where, under what circumstances and on what conditions those contracts were concluded; who represent the

abovementioned companies during the conclusion and signing, who signed those contracts, and who and where has certified them with the seal of "FCTS Enterprises LTD";

  - By what way the payments for the abovementioned contracts were done and who made it;

  - Did any relations between "FCTS Enterprises LTD" and "ILIM PULP ENTERPRIZE" (city of Saint Petersburg, Russia), Kotlasskiy paper center (Russian Federation) occurred? If that was the case, what are those relations, which documents can confirm this fact, did any agreements concluded with the abovementioned companies, concerning the delivery to the address of "FCTS Enterprises LTD" the cargo of papers and cardboards (offer the witnesses to give the copies of those contracts, if they are available);

  - Did "FCTS Enterprises LTD" await, during 2002-2005, the abovementioned cargo from the Kotlasskiy paper center (Russian Federation) to its address? Id that was the case, what was the quantity, in accordance to what documents and by what transport the cargo of papers and cardboards should arrive;

  - By what way the payment for this cargo was done to the sender company;

  - Did "FCTS Enterprises LTD" send an order to the "Odessa-port" station (city of Odessa, Ukraine), in which "Phobos trading LTD" was appointed as a new owner of the abovementioned cargo (show the copy of the abovementioned order during the interrogation);

  - Did "FCTS Enterprises LTD" order the "Phobos Trading LTD" to be the new owner of the cargo of papers and cardboards, which was in the wagons at the "Odessa-port" station of the Odessa railways during 2002-2005;

  - Did "FCTS Enterprises LTD" (USA) have its own representative office in the territory of Ukraine? If that was the case, what is its name, in accordance to what documents this representative office was created, who is the functionary of this representative office, and where it is located (indicate the juridical and actual address of this representative office);

  - Did the Ukrainian citizen Shabanov Volodymyr Vyktorovych, ███████████████ ███████████████████████████████is the representative of "FCTS Enterprises LTD"? If that was the case, from what time, on the basis of which documents, what position he is occupying, and what is included into his work duties;

  - Did the seal imprint, which is located on the copy of the order of "FCTS Enterprises LTD", which is without number and date, and in which "Phobos Trading LTD" is mentioned as owner of the cargo, belongs to "FCTS Enterprises LTD" (show the copy of the order during the interrogation);

  - Did the company's blank with the text of the order belongs to the "FCTS Enterprises LTD";

  - Did they know Bubelo V.K., Yachnyy Oleksandr Viktorovych, Kulidovska Khrystyna Mykhaylivna, Scherbak Svetlana Dmytrivna, Shabanov Volodymyr Vyktorovych, Syzov Georgyy petrovych, kononenko Vyktor Vasylvych, Grinikha Yuriy Yosypovych, Khijnyak P.I.? If that was the case, when, where under what circumstances they met, and what are the relations between them;

4- To take from the "FCTS Enterprises LTD" the experimental sampling of the seal imprint of the abovementioned company (not less than 30 imprints)

5- To take from the "FCTS Enterprises LTD" quality copies of the contracts related to the cargo of papers and cardboards, as well as, specifications and additional agreements to these contracts, and copies of other documents, that are related to the abovementioned cargo, including copies of invoices, notifications, orders and documents that certify the payments for the abovementioned cargo.

6- To ask the correspondent authorities of the USA to offer the certified copies of the documents, on the basis of which, the registration of the "FCTS Enterprises LTD" was done;

7- To demand the copies of the documents from the bank, that serves "FCTS Enterprises LTD", that certify the made by "FCTS Enterprises LTD" payment of cash means to the sender company for the abovementioned cargo during 2002-2005;

## The procedure of fulfilling the request.

We    apply to the corresponding organ of the USA with the request to do the following procedure of fulfilling the request:

Before taking the sampling of the seal imprint of the "FCTS Enterprises LTD", we ask you to give to the person, who owns the seal, the resolution of the inquirer (translation), which will be attached to this request and contains the documentary fixed resolution of the inquirer about the necessity to have the sampling of seal imprint. After the familiarization with the resolution, the person, who owns the seal, has to sign it, confirming that he is actually familiarized with it. After that, some clean papers should be given to that person and offer him to sample some seal imprints on it (not less than 10). The total quantity of the seal imprint samples should be not less than 30. The papers, on which the samples of the seal imprint were put, should be signed by the person, who owns the seal and the person who conducts the seal imprint sampling. After having the seal imprint samples, an individual transcript should be done and mention who has conducted the sampling, when, in what premise, who gave it and in what quantity. The person who conducted and the person who gave the sampling should sign in this transcript.

Concerning to the necessary interrogation of witnesses and preparation of results of interrogation, we   apply to the corresponding organ of the USA with the request to do the following:

To start the interrogation of the witness with determining his full name, place of residence, date and place of birth. The interrogation should be done under oath

To inform the witness that he is not obliged to answer on the questions concerning himself, members of his family, and near relatives

To ask all the questions that requires answers

To design all mentioned information in the form of interrogation transcript

The present transcript should contain:

- Personal information about the witness.
- Note about that the corresponding authorities of the USA has informed the witness about that he have the right not to answer the questions concerning himself, members of his family, and near relatives, and that the answers on all other questions should be true, because, in other case, criminal proceedings may be instituted against, in accordance with the present Ukrainian legislation;
- Questions, which were put to the witness and answers on them;

More, 1) please read aloud all questions and answers, which were written in the course of interrogation, or 2) ask the witness to acquaint with all the transcript questions and answers by himself.

To mention in the interrogation transcript, whether the questions and answers were read to the witness by the USA competent authorities' representative or the witness has acquainted with them by himself. Copy of all documents that the witness offers as confirmation of his words, should be mentioned in the transcript and attach to the transcript after the end of interrogation.

Every paper from the witness's interrogation transcript should be signed by the person, who gave the testimonies as a witness. After that, the transcript should be signed by the USA competent authorities' representative, who will conduct this interrogation and certified by the fulfilled authority's seal with state emblem.

Investigation bureau of the Department of the Security Service of Ukraine in Odessa region also asks, that authority organs of the United States of America keep the confidence concerning the content of this request as far as it is possible in accordance with the legislation of

the USA, because of the divulging of the facts, which are in the present request, may complicate the search of persons, who has committed this crime.

In the case of appearing of any questions concerning the present request or the possibilities of its execution, we ask you to communicate with the senior inquirer of the Inquest section of the Department of Security Service of Ukraine in Odessa region – Dunay N.A. by the telephone (8 - 0482 - 22-18-85).

Our address: 43, Evreyskaya Str., city of Odessa, Ukraine

The undermentioned documents certified by the seal with state emblem are attached to this request. These documents should be shown during the fulfillment of the interrogation, at the time of fulfillment of this request:

- Resolution about the experimental sampling of the seal imprint of "FCTS Enterprises LTD" as of September 05, 2006
- Copy of the order of "FCTS Enterprises LTD" without number and date about the confirmation of the ownership of the cargo of papers by the "PHOBOS Trading Ltd."


Attachments:
- Resolution about the experimental sampling of the seal imprint of "FCTS Enterprises LTD" as of September 05, 2006
- Copy of the order of "FCTS Enterprises LTD" without number and date about the confirmation of the ownership of the cargo of papers by the "PHOBOS Trading Ltd."
- Extract from the constitution of Ukraine, extract from the criminal code of Ukraine, and extract from the Criminal-Procedural Code of Ukraine


With regards,
Deputy Head of the Inquest section
Department of Security Service
of Ukraine in Odessa region
Major of Justice                    /signature/                    M.I. Ogorodniichuk
" __ " September 2006 year

*Translation was done at the translation centre "Orient" by the translator Al-Cheik Hammoud Danial.*

*Перевод с украинского языка на английский язык выполнен в центре переводов «Ориент» переводчиком Аль-Шейх Хаммуд Даниэлем.*

*20.10.2006*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM THE UKRAINE                 )
IN THE MATTER OF                 )          Misc No. 07-
FCTS ENTERPRISES, LTD.           )
                          ORDER

        Upon application of the United States of America; and

upon examination of a letter of request from the Ukraine whose

authorities are seeking certain testimony and information from

individuals which may be found in this District, for use in a

judicial proceeding in the Ukraine and the Court being fully

informed in the premises, it is hereby

        **ORDERED**, pursuant to Title 28, United States Code,

Section 1782, that David L. Hall, Assistant United States Attorney,

hereby is appointed as Commissioner of this Court and is hereby

directed to execute the letter of request from Ukrainian

authorities as follows:

        1. to take such steps as are necessary, including

issuance of commissioner's subpoenas to be served on persons within

the jurisdiction of this Court, to collect the evidence requested;

        2. provide notice with respect to the collection of

evidence to those persons identified in the requests as parties to

whom notice should be given (and no notice to any other party

shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.

_____
United States District Court Judge

2